# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                                **Case No. 11-CR-301**

**WALTER W. STERN, III, and**
**NORMA LEONARD-ALLEN,**

    **Defendants.**

## DECISION AND ORDER ON DEFENDANT'S PRETRIAL MOTION TO SEVER

On December 20, 2011, a federal grand jury in the Eastern District of Wisconsin returned a two count indictment against defendants Walter W. Stern, III ("Stern") and Norma Leonard-Allen ("Leonard-Allen"). In Count One of the indictment, Stern is charged with money laundering in violation of 18 U.S.C. § 1956(h). In Count Two of the indictment, Leonard-Allen is charged with perjury before the grand jury, in violation of 18 U.S.C. § 1623.

Leonard-Allen was arraigned on the charge and entered a plea of not guilty. Trial before the Honorable Rudolph T. Randa has been adjourned.

Leonard-Allen has filed one pretrial motion, requesting that her case be severed from that of her co-defendant. The motion has been fully briefed and is now ready for resolution. For the reasons discussed below, Leonard-Allen's motion to sever will be denied.

## BACKGROUND

As noted above, a grand jury in this district returned a two-count indictment against Stern and Leonard-Allen. Count One alleges that Stern conspired with Leonard-Allen to commit money

laundering. Stern, alone, is charged in that count. But Leonard-Allen is named as an uncharged co-conspirator.

Specifically, Count One alleges that on or about June 1, 2005, Leonard-Allen entered into a Marital Settlement Agreement ("MSA") with her then-husband, in which she was to receive a total of $95,000 in four installments. (Indictment ¶ 4, Docket # 1.) Leonard-Allen allegedly received the first MSA installment check on June 22, 2005. (*Id.* ¶ 5.) On or about September 30, 2005, Leonard-Allen allegedly filed a Chapter 7 bankruptcy petition in which she concealed the funds due to her under the MSA. (*Id.* ¶ 6.) Leonard-Allen allegedly received the second MSA installment check on or about October 27, 2005 and endorsed the check to Stern on or about March 3, 2006. (*Id.* ¶ 8.) The indictment alleges that on or about January 14, 2006, Leonard-Allen's bankruptcy case was determined to be a no-asset case and her debts were discharged. (*Id.* ¶ 9.)

On or about January 17, 2006, Leonard-Allen allegedly received the third MSA installment check and on or about February 17, 2006, used this check to purchase a Southern Lakes Credit Union teller check. (*Id.* ¶ 10.) The indictment alleges that on or about March 3, 2006, using the funds from the first three MSA installment checks that Leonard-Allen endorsed to him, Stern purchased a certificate of deposit in the amount of $64,000. (*Id.* ¶ 11.) Leonard-Allen allegedly received the fourth MSA installment check on or about April 25, 2006 and used this check to purchase another teller check on or about August 4, 2006. (*Id.* ¶ 12.)

The indictment further alleges that Stern used funds from the first certificate of deposit and the fourth MSA installment check to purchase a second certificate of deposit. (*Id.* ¶ 13.)

Finally, Count One alleges that, on or about October 13, 2010, Leonard-Allen falsely testified before a grand jury that Stern did not refer her to a bankruptcy attorney and that, until Leonard-Allen

told him in January 2007, Stern did not previously know about her 2005 bankruptcy. (*Id.* ¶ 14.)

Count Two charges Leonard-Allen alone with perjury. Specifically, Leonard-Allen is alleged to have lied when she testified before the grand jury that Stern had not referred her to a particular bankruptcy attorney. (*Id.* ¶¶ 16-18.)

## DISCUSSION

**Joinder**

Leonard-Allen does not dispute that she and Stern are properly joined under Fed. R. Crim. P. 8. (Def.'s Mot. to Sever at 2, Docket # 10). Fed. R. Crim. P. 8(b) permits joinder of multiple defendants in the same indictment if the defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The rule is whether the indictment alleges that the defendants participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. *United States v. Marzano*, 160 F.3d 399, 401 (7th Cir. 1998). The test is what the indictment charges, not what the evidence shows. *Id.* The defendants must be charged with crimes that "well up" out of the same series of such acts, but they need not be the same crimes. *Id.* A conspiracy and its cover-up are considered parts of a common plan. *United States v. Curry*, 977 F.2d 1042, 1049 (7th Cir. 1992).

The indictment alleges Stern conspired with Leonard-Allen to commit money laundering. (Indictment ¶ 1.) The indictment further alleges Leonard-Allen, in the course of the grand jury investigation to determine whether Stern committed money laundering, falsely testified before the grand jury, to cover-up Stern's alleged violation. (*Id.* ¶¶ 16-18.) As such, joinder is proper. Leonard-Allen concedes as much but moves for severance pursuant to Fed. R. Crim. P. 14(a). (Def.'s Mot. to Sever at 2.)

**Prejudice**

Even though Stern and Leonard-Allen are properly joined in the indictment, Fed. R. Crim. P. 14(a) provides that if the joinder of defendants appears to prejudice a defendant or the government, the court may sever the defendants' trials. When defendants have been properly joined under Fed. R. Crim. P. 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). It is well-settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. *Id.* at 540.

It is the defendant's burden to demonstrate a strong showing of prejudice. *United States v. Moya–Gomez*, 860 F.2d 706, 767–68 (7th Cir. 1988). A mere showing of some prejudice will not warrant severance. *United States v. Madison*, 689 F.2d 1300, 1305 (7th Cir. 1982). Rather, the defendant must show that she is unable to obtain a fair trial without severance. *United States v. Thornton*, 197 F.3d 241, 255 (7th Cir. 1999).

Furthermore, there is a strong preference for a single trial with co-defendants who have been jointly indicted. *United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003). Rule 14(a) provides:

> If joinder of offenses or defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

While Rule 14 provides the court *may* sever the defendants' trials, Rule 14 does not require severance, even if prejudice is shown. *Zafiro*, 506 U.S. at 538-39. Rather, it leaves the tailoring of the relief to be granted, if any, to the district court's discretion. *Id.* at 539.

A decision to grant or deny a motion for severance under Rule 14 will only be reversed for an abuse of discretion. *United States v. Hogan*, 886 F.2d 1497, 1506 (7th Cir. 1989). The reason for such deference is that, where joinder is proper under Rule 8, there are substantial economies to be gained from a joint trial. *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985). Once again, the general policy is that persons jointly indicted be tried together, especially in conspiracy cases. *United States v. Giangrosso*, 779 F.2d 376, 379 (7th Cir. 1985). A joint trial of co-conspirators is presumptively appropriate. *United States v. Caliendo*, 910 F.2d 429, 437 (7th Cir. 1990).

In deciding a motion for severance, the court should balance the interests of the defendant in severance against the government's interest in judicial economy. *United States v. Rivera*, 825 F.2d 152, 159 (7th Cir. 1987). "The danger of prejudice to the least guilty, or perhaps prejudice to all from the sheer confusion of a multidefendant trial, is in all but the most unusual circumstances considered outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all." *Velasquez*, 772 F.2d at 1352. Moreover, "a simple 'disparity in the evidence' will not suffice to support a motion for severance—i.e., it does not independently establish 'actual prejudice.'" *Caliendo*, 910 F.2d at 438 (quoting *Moya-Gomez*, 860 F.2d at 764-65).

The Seventh Circuit has outlined four settings in which actual prejudice might result from a denial of a motion for severance: (1) conflicting and irreconcilable defenses; (2) a massive and complex amount of evidence that makes it almost impossible for the jury to separate evidence as to each defendant; (3) a codefendant's statement that incriminates the defendant; and (4) a gross disparity of evidence between the defendants. *United States v. Clark*, 989 F.2d 1490, 1499 (7th Cir. 1993).

In this case, Leonard-Allen makes two distinct arguments for severance. First, Leonard-Allen argues that she is accused of only a very discrete perjury, i.e., whether she lied by testifying to the grand jury that Stern did not refer her to an identified bankruptcy attorney, while Stern is accused of an expansive conspiracy. (Def.'s Mot. to Sever at 3.) This argument suggests that Leonard-Allen may be unfairly prejudiced by evidentiary spillover from Stern's "expansive conspiracy."

To succeed on a claim of prejudice due to disparities in the evidence (or evidentiary spillover) a criminal defendant must rebut the presumptions that a jury will: (1) capably sort through the evidence and (2) follow instructions from the court to consider each defendant separately. *United States v. Edwards*, 36 F.3d 639, 647 (7th Cir. 1994); *United States v. Lopez*, 6 F.3d 1281, 1286 (7th Cir. 1993); *United States v. Smith*, 995 F.2d 662, 671 (7th Cir. 1993). "Mere speculation of 'spill over guilt' is not enough to rebut these twin presumptions." *Lopez*, 6 F.3d at 1286 (citing *United States v. Doerr,* 886 F.2d 944, 972 (7th Cir. 1989)).

Moreover, the general rule is that where a variance of culpability and disparity of evidence between defendants exists, other less drastic alternatives to severance should first be explored. *United States v. Papia*, 560 F.2d 827, 837 (7th Cir. 1977). The mere existence of such a disparity "is not itself grounds for a severance." *Doerr*, 886 F.2d at 972 (citations omitted). "Instead, 'the relevant inquiry is whether it is within the jury's capacity to follow the trial court's limiting instructions requiring separate consideration for each defendant and the evidence admitted against him.'" *Id*. (citations omitted). Here, instructions directing the jury to assess each defendant's guilt or innocence solely on the basis of evidence admissible against each defendant will effectively prevent evidentiary spillover. *See United States v. Peters*, 791 F.2d 1270, 1303 (7th Cir. 1986); *United States v. Hendrix*, 752 F.2d 1226, 1232 n.6 (7th Cir. 1985); *see also Velasquez*, 772 F.2d at 1352. As previously stated, it is presumed

juries will capably sort through the evidence and will follow limiting instructions from the court to consider each defendant separately. *United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995). And Leonard-Allen has failed to show that the jury in a joint trial will not be able to fulfill this duty.

Second, Leonard-Allen argues that joining her Count Two perjury charge with Stern's Count One conspiracy charge improperly broadens the scope of Leonard-Allen's perjury. (Def.'s Motion to Sever at 3.) Specifically, Leonard-Allen argues her alleged perjury is improperly broadened because in Count One, paragraph 14, the indictment alleges that Leonard-Allen's uncharged role in Stern's conspiracy involved multiple false statements to the grand jury: (1) the denial of the referral to the bankruptcy attorney and (2) a denial regarding Stern's awareness of her bankruptcy. (*Id.*) In contrast, Count Two only alleges Leonard-Allen made a false statement regarding Stern's referral to the bankruptcy attorney. (*Id.*)

This argument implicitly raises several concerns. The first concern is that the jury may be lured to convict Leonard-Allen on the uncharged lie, rather than the charged lie. Alternatively, some jurors may find Leonard-Allen guilty of the charged lie while others may find her guilty of the uncharged lie. Finally, Leonard-Allen suggests a risk that the jury, upon hearing evidence of two lies as opposed to just one lie, may improperly judge her more harshly. While the argument that Leonard-Allen's alleged perjury will be improperly broadened has some appeal, as in the case of the evidentiary spillover discussed above, the Seventh Circuit has noted that limiting instructions are "an adequate safeguard against the risk of prejudice in the form of jury confusion, evidentiary spillover and cumulation of evidence." *United States v. Turner*, 93 F.3d 276, 284 (7th Cir. 1996).

Here, instructions tailored to the facts of this case, if necessary, directing the jury to assess the defendant's guilt or innocence solely on the appropriate evidence against Leonard-Allen, will effectively prevent confusion or the risk of a prohibited variance. Leonard-Allen has not shown that the jury would have difficulty following the court's limiting instruction in this regard.

Moreover, this court concludes that a joint trial would promote judicial economy. Stern is accused of a money laundering conspiracy in which Leonard-Allen's bankruptcy and alleged perjury are intricately woven. Undoubtedly, certain facts relating to this conspiracy would be relevant to Leonard-Allen's trial and if the defendants were severed, some evidence would have to be unnecessarily repeated.

In sum, Leonard-Allen has not shown a substantial risk of prejudice which cannot be cured by appropriate jury instructions. Accordingly, given the preference for joint trials of properly joined co-conspirators, her motion for severance will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to sever (Docket # 10) be and hereby is **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) (as amended effective December 1, 2009) whereby written objections to this order or part thereof may be filed within fourteen days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 12th day of March, 2012.

                                                BY THE COURT

                                                *s/Nancy Joseph*
                                                NANCY JOSEPH
                                                United States Magistrate Judge