# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

      **-vs-**                                 **Case No. 11-CR-301**

WALTER W. STERN, III,

                Defendant.

## DECISION AND ORDER

Defendant Walter Stern ("Stern") moves this Court for a judgment of acquittal or in the alternative for a new trial pursuant to Fed. R. Civ. P. 29(c) and Fed. R. Civ. P. 33 respectively.

The Court has read the briefs submitted by Stern and the government and has reviewed the record and rules as follows.

### MOTION FOR ACQUITTAL

Stern's motion must be denied. Stern was found guilty of money laundering not only on direct evidence but to a large degree based on circumstantial evidence. The core of Stern's argument is related to that fact; i.e. there wasn't enough direct evidence from which the jury could make a finding of guilt.

Of course, as the Court instructed the jury at the time of trial, the Court makes no distinction between the weight to be given direct evidence and circumstantial evidence. It is the weight of both that the fact finder determines. In reaching that determination, the jury

must be able to make reasonable inferences from the record in order to conclude a defendant's guilt.

This case presented overwhelming circumstantial evidence that pointed to the guilt of Stern in combination with the direct evidence. Even if the Court could draw different inferences from the evidence, the Court cannot substitute the inferences that it draws from the record for those the jury drew, if the inferences drawn by the jury from the record were reasonable. The inferences the jury drew were reasonable.

Based on the undisputed direct evidence of the intimate and lengthy relationship that Stern had with the co-defendant both on a personal and professional level, the jury could reasonably infer that Stern knowingly engaged in money laundering by concealing the subject money from the bankruptcy court.

Stern's motion for acquittal must be denied.

## NEW TRIAL

Stern's motion pursuant to Fed. R. Civ. P. 33 fails for the same reasons his motion for acquittal failed. The evidence, both direct and circumstantial, was more than enough to point toward Stern's guilt. The evidence certainly does not come close to suggesting otherwise, which is necessary under the difficult burden that Stern must meet to succeed.

Therefore, Stern's motion pursuant to Fed. R. Civ. P. 33 is also denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Stern's motion for acquittal pursuant to Fed. R. Civ. P. 29(c) is **DENIED**; and his motion for a new trial pursuant to Fed. R. Civ. P. 33 is also **DENIED**.

Dated at Milwaukee, Wisconsin, this 28th day of August, 2012.

**BY THE COURT:**

_Rudolph T. Randa_

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**